### MORLEY v. COMBS.

(Supreme Court, Special Term, Monroe County. June 30, 1910.)

1. PLEADING (§ 87*)—ANSWERS.

It is not proper practice for the same defendant to file separate answers in the same case to separate causes of action in the complaint.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 87.*]

2. PLEADING (§ 362*)—MOTION TO CORRECT ANSWER.

Motions to correct the answer should not be made till defendant has served an answer to the whole complaint, and therefore, where the copy answer submitted by defendant on plaintiff's motion is in form an answer to only three of the eight causes of action in the complaint, and the copy answer attached to plaintiff's motion papers is in the same form, except that it purports to be an answer to the whole complaint, but in the notice of motion it is described as an answer to such three causes of action, it must be assumed that the answer to which the motion relates is an answer to such three causes of action alone, and that there is another answer, not submitted on the motion, to the other causes of action, so that the motion will be denied, with leave to renew after defendant has answered the whole complaint by a single answer, or on papers showing that the present answer is an answer to the whole complaint, and, if such is

not the case, with leave to defendant to serve an answer to the whole complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1147; Dec. Dig. § 362.*]

3. PLEADING (§ 120*)—ANSWER—DENIAL.

The denial in an answer of the complaint, "except as controverted," is not a good denial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 244, 258; Dec. Dig. § 120.*]

4. PLEADING (§ 123*)—ANSWERS—DENIALS.

Where the answer is not required to be verified, though the complaint is verified, the denial may be a general one, instead of specific.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 255; Dec. Dig. § 123.*]

5. LIBEL AND SLANDER (§ 52*)—JUSTIFICATION.

Matter pleaded in justification in an action for libel and slander, not being as broad as the charge, is not a justification.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 219; Dec. Dig. § 52.*]

6. LIBEL AND SLANDER (§ 94*)—JUSTIFICATION—PLEADING.

Defendant in an action for libel and slander, desiring to plead matters in justification, must allege the truth of the particular facts as to which she wishes to justify at the time of the publication, which can be done without admitting that defendant made the publication.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 219, 220; Dec. Dig. § 94.*]

7. LIBEL AND SLANDER (§ 95*)—MATTER IN MITIGATION—PLEADING.

Matter in mitigation, in an action for libel and slander, should be pleaded as a separate defense, and stated to be a partial defense.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 227; Dec. Dig. § 95.*]

Action by May L. Morley against Saloma E. Combs. Motion by plaintiff to strike out portions of defendant's answer to the fourth, seventh, and eight causes of action as irrelevant, redundant, scandalous, frivolous, too indefinite, and as bad, because stated hypothetically. Denied, with leave to renew.

See, also, 123 N. Y. Supp. 1130.

G. L. Bachman, for the motion.

W. S. O'Brien, opposed.

FOOTE, J. The complaint alleges eight separate causes of action for libel and slander, based upon alleged statements, letters, and postal cards made and published by defendant, charged to impute unchastity to plaintiff, who is a married woman, and unfaithfulness to her marriage vows.

Defendant served an answer to the complaint as to all the causes of action except the fourth, seventh, and eighth, and a demurrer as to those causes of action. This demurrer was overruled, with leave to answer, and the defendant seems to have served a separate answer as to those three causes of action, so that the defendant now has two separate answers in the case—one purporting to be an answer to the fourth, seventh, and eighth causes of action, and the other an

answer to the other causes of action. This practice is certainly irregular. The Code provides for only one answer by a defendant, and there is no such practice as separate answers by the same defendant to separate causes of action.

The copy answer submitted by defendant upon this motion is in form an answer to the fourth, seventh, and eighth causes of action. The copy answer attached to the motion papers submitted by plaintiff is in the same form, except that it purports to be an answer of the whole complaint; but in the notice of motion it is described as an answer to the fourth, seventh, and eighth causes of action. I must therefore assume that the answer to which this motion relates is an answer to the fourth, seventh, and eighth causes of action alone, and that there is another answer, which has not been submitted upon this motion, to the other causes of action. Under these circumstances, I think the present motion cannot be entertained. The answer submitted on this motion cannot be treated as the defendant's answer in the case, and motions to correct the answer should not be made until the defendant has served an answer to the whole complaint. This motion should therefore be denied, without costs, with leave to renew after the defendant has answered the whole complaint by a single answer, or upon papers showing that the present answer is an answer to the whole complaint, and, if it is not such, with leave to defendant to serve an answer to the whole complaint within 20 days.

An examination of the answer submitted upon this motion suggests the following observations in respect to its sufficiency: (1) The denial is not in proper form. It is a denial of the complaint, "except as controverted," which is not a good form of denial. It does not point out precisely what allegations of the complaint are denied. The denial must be either general or specific, and in a case of this kind, where the answer is not required to be verified, though the complaint is verified, there is no reason why the form of denial should not be a general one. (2) The matter pleaded in justification is not a justification, for it is not as broad as the charge. If the defendant wishes to plead matters in justification, she must allege the truth of the particular facts as to which she wishes to justify on the date or at the time of the publication, and that can be done without admitting that the defendant did in fact make the publication. (3) The matter in mitigation is not properly pleaded. It should be pleaded as a separate defense, and stated to be a partial defense.

An examination of the case of Cruikshank v. Press Pub. Co., 32 Misc. Rep. 152, 65 N. Y. Supp. 678, will serve to point out many of the defects in the present answer, and suggest the proper form of answer in this class of cases.